IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TROUVE ENTERPRISES and
BRIAN J. TENNEY,

                                                                           OPINION and ORDER

                        Plaintiffs,

                                                                    3:07-cv-0601-bbc

     v.

NEWELL RUBBERMAID INC.,
TARGET CORPORATION and
WAL-MART STORES INC.,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendants Newell Rubbermaid Inc., Target Corporation and Wal-Mart Stores Inc. have filed a joint motion to transfer this patent infringement suit to the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a).  In a motion to transfer venue, the moving party bears the burden of establishing that the transferee forum is "clearly more convenient." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986).  Defendants have failed to meet that burden because the interest of justice in a swift resolution of this case outweighs any inconvenience to the parties or witnesses.  Accordingly, I will deny defendants' motion to transfer venue.

1

In deciding whether the moving party has made the necessary showing, the court may rely on the allegations of the complaint and also may receive and weigh affidavits submitted by the parties. <u>Heller Financial, Inc. v. Midwhey Powder Co., Inc.</u>, 883 F.2d 1286, 1293-94 (7th Cir. 1989). From plaintiffs' complaint and declarations submitted by the parties regarding defendants' motion to transfer venue, I draw the following facts.

ALLEGATIONS OF FACT

A.  <u>Parties</u>

Plaintiff Trouve Enterprises is a California partnership with its principal place of business in Diamond Springs, California. Plaintiff Brian J. Tenney is an individual residing in Acworth, Georgia. Tenney is the owner of U.S. Patent Number 4,951,832 regarding a food container storage system. Trouve is the exclusive licensee under the '832 patent.

Defendant Newell Rubbermaid Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia. Defendant Target Corporation is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Defendant Wal-Mart Stores Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas.

Plaintiffs allege that defendants have committed and continue to commit in this district acts of infringement of the '832 patent.

### B. Party Witnesses and Documents

Defendant Newell has employees with knowledge relevant to the accused product in North Carolina. The drawings and documents related to the development of the accused product and the marketing and sales information documents related to the accused product are maintained in North Carolina.

### C. Third Party Witnesses and Documents

Jodi Pittenger, former product manager for the accused product, resides in North Carolina. She has expressed unwillingness to travel or testify in this litigation. Kerry Tenney, co-inventor of the patented product, resides in Acworth, Georgia. Defendants wish to call both Pittenger and Tenney as witnesses in this case.

MGS Manufacturing Company, the contract manufacturer of the accused product, is located in Germantown, Wisconsin. Snap-Saver, LLC, and World Kitchen, LLC, two licensees of the '832 patent, have their principal places of business in California and Illinois, respectively.

## OPINION

Under 28 U.S.C. § 1404(a), a court may transfer a case to another district if that transfer serves the convenience of the parties and witnesses. However, in weighing a motion

to transfer venue, a court often must look beyond the convenience of one party to determine whether transfer will promote the interest of justice. Coffey, 796 F.2d at 219-20; Roberts & Schaefer Co. v. Merit Contracting, Inc., 99 F.3d 248, 254 (7th Cir. 1996). The promotion of the interest of justice may be "determinative," and convenience alone may be insufficient to justify transfer. Coffey, 796 F.2d at 220. With this in mind, "[f]actors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system," such as whether a transfer would help the litigants receive a speedy trial. Id. at 221. Further, because a plaintiff's choice of forum is entitled to deference generally, Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981), a defendant seeking transfer under § 1404(a) must show that another forum is "clearly more convenient." Coffey, 796 F.2d at 219-20. Defendants have not met this standard.

A. Location of the Parties

The Western District of North Carolina is not clearly more convenient than the Western District of Wisconsin for any of the defendants, which have principal places of business in Georgia, Minnesota, and Arkansas. Although Georgia is geographically closer to North Carolina than Wisconsin, Newell concedes that its principal place of business is a several hour drive from the Western District of North Carolina. In the context of a patent infringement suit involving large corporate defendants, I see little difference between a

4

several hour automobile drive from Georgia to North Carolina and a several hour airplane flight from Georgia to Wisconsin.

### B. Place of Material Events

Sales of the accused product occurred in this district, but any connections to the issues in this case are no more significant in this district than in many other districts. The accused products are manufactured by MGS Manufacturing in Germantown, Wisconsin, which is located in the Eastern District of Wisconsin. Defendants counter that the manufacture of the accused product is entirely supervised by Newell's Rubbermaid Division, which is located in North Carolina. In sum, there is no reason to think that any patent infringement question in this case depends particularly on events occurring in this district or any other.

### C. Convenience to Witnesses

1. Party witnesses

Defendants argue that transfer is appropriate because many of their important documents and employee witnesses are located in North Carolina. However, the traditional concerns related to ease of access to sources of proof and the cost of obtaining attendance of witnesses have been diminished by technological advancements. Milwaukee Electric Tool

5

Corp. v. Black & Decker (N.A.) Inc., 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005). The ease with which documents and data may be transported causes the location of sources of proof to be a neutral factor in this case. See id.

Further, the location of defendants' employee witnesses is not an important factor because of the assumption that "witnesses within the control of the party calling them, such as employees, will appear voluntarily." Adams v. Newell Rubbermaid Inc., No. 07-C-313-S, 2007 U.S. Dist. LEXIS 62512, at *6-7 (W.D. Wis. Aug. 21, 2007) (citation omitted). Accordingly, the convenience of the party witnesses is a neutral factor in this case.

2. Third party witnesses

Defendants place emphasis on the inconvenience of two potentially important third party witnesses, neither of whom reside in the Western District of Wisconsin. Kerry Tenney, co-inventor of the patented product, resides in Georgia. Jodi Pittenger, former Newell employee and former product manager for the accused product, resides in North Carolina.

Defendants cannot establish that transfer is appropriate simply by identifying potentially important third party witnesses that live in or nearby the transferee forum. First, Kerry Tenney lives in Georgia, not the forum to which defendants seek transfer. Since Tenney is not subject to compulsory process in the Western District of North Carolina or

6

the Western District of Wisconsin, her geographic proximity to the transferee forum is of little importance. Further, if Tenney chooses to testify voluntarily, the difference in travel times between Georgia and North Carolina and between Georgia and Wisconsin is not enough to show clear inconvenience.

Thus, defendants have identified only Jodi Pittenger as a potentially important third party witness residing in the transferee forum. Defendants state that Pittenger's testimony will be relevant to the design of the accused product. Although her testimony would be relevant, its importance may be diminished in this patent infringement suit in which the case focuses on the patent claims, the specification and the prosecution history. Assuming the relevance and even the importance of Pittenger's testimony, the inconvenience to only one third party witness is simply not enough to satisfy the "clearly more convenient" standard.

### C. Interest of Justice

Plaintiffs admit that their choice of venue is motivated by this court's history of swift case resolution. The median time from filing to disposition in this district is 4.4 months, whereas the median time from filing to disposition in the Western District of North Carolina is 9.8 months. Federal Court Management Statistics (2006), http://www.uscourts.gov/cgi-bin/cmsd2006.pl. Even greater importance is placed on a speedy resolution in patent infringement cases "where rights are time sensitive and delay can often

7

erode the value of the patent monopoly." Milwaukee Electric Tool Corp., 392 F. Supp 2d at 1065 (citation omitted).  In fact, "[t]he likelihood of delay, the resulting increase in litigation expenses to the parties, and harm to [the] patent monopoly weigh heavily in favor of the matter's prompt resolution in [the relatively speedier] district." Id.  Given that the patent at issue in this case expires in October 2009, swift resolution of this case is a vitally important factor weighing against transfer.

Defendants cite this court's opinion in Snyder v. Revlon, Inc., 2007 U.S. Dist. LEXIS 18477, at *26 (W.D. Wis. Mar. 12, 2007), for the proposition that plaintiffs' delay in bringing this suit undermines the argument that plaintiffs are concerned with the speed of litigation.  However, defendants first raised this argument in their reply brief.  Generally, this court will not consider arguments raised for the first time in a reply brief.  United States v. Adamson, 441 F.3d 513, 521 n.2 (7th Cir. 2006) (arguments raised for first time in reply brief considered waived).  Accordingly, defendants' argument regarding delay is waived.

Defendants have not demonstrated that any inconvenience of defending this suit in the Western District of Wisconsin outweighs the interest of plaintiffs and the interest of justice in a speedy trial.  Accordingly, I will deny defendants' motion to transfer venue to the Western District of North Carolina.

Finally, I note that defendants briefly argued in a footnote in their motion to transfer to alternatively transfer this case to the Northern District of Georgia, but they did not

8

develop that argument. Accordingly, I conclude that they have waived any argument that the Northern District of Georgia is clearly more convenient than the Western District of Wisconsin.

ORDER

IT IS ORDERED that the motion to transfer venue filed by defendants Newell Rubbermaid Inc., Target Corporation and Wal-Mart Stores Inc. is DENIED.

Entered this 1st day of February, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge